IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE INCLUSIVE COMMUNITIES PROJECT, INC., | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:08-CV-0546-D |
| VS. | § § | |
| THE TEXAS DEPARTMENT OF HOUSING AND COMMUNITY AFFAIRS, et al., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Frazier Revitalization Inc. ("FRI") moves to intervene in this action as of right or permissively. For the reasons that follow, the court grants the motion.

I

This action is the subject of two prior opinions;[1] therefore, the background facts and procedural history need not be discussed at length. On March 20, 2012 the court found in favor of plaintiff The Inclusive Communities Project, Inc. ("ICP") on its disparate impact claim under §§ 3604(a) and 3605(a) of the Fair Housing Act ("FHA"). *See Inclusive Cmtys. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, ___ F.Supp.2d ____, 2012 WL 953696, at *1 (N.D. Tex. Mar. 20, 2012) (Fitzwater, C.J.). The court directed that defendant Texas

---

[1]*See Inclusive Cmtys. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, ___ F.Supp.2d ____, 2012 WL 953696 (N.D. Tex. Mar. 20, 2012) (Fitzwater, C.J.); *Inclusive Cmtys. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, 749 F.Supp.2d 486 (N.D. Tex. 2010) (Fitzwater, C.J.).

Department of Housing and Community Affairs ("TDHCA") submit a remedial plan, and it permitted ICP to present objections to TDHCA's proposal. *See id.* at *13. On April 30, 2012, before TDHCA filed the remedial plan, FRI filed the instant motion to intervene under Fed. R. Civ. P. 24(a)(2) and (b)(2). FRI seeks intervention to assist in developing a remedy for the FHA violation and, if necessary, to assert objections and pursue an appeal of the court-ordered remedy. ICP opposes FRI's motion. The court concludes that FRI has established that it is entitled to intervene as of right under Rule 24(a)(2).[2]

II

A party is entitled to an intervention of right under Rule 24(a)(2) if (1) the motion to intervene is timely, (2) the interest asserted by the potential intervenor is related to the action, (3) that interest may be impaired or impeded by the action, and (4) that interest is not adequately represented by the existing parties. *See, e.g., In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009); *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994) (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F2d 452, 463 (5th Cir. 1984) (en banc)).

---

[2]Because the court holds that FRI is entitled to intervene as of right, it need not reach the question whether FRI should be allowed to intervene permissively under Rule 24(b)(2).

III

The first element—timeliness—is determined by examining (1) the length of time between the potential intervenor's learning that its interest is no longer protected by the existing parties and its motion to intervene, (2) the extent of prejudice to the existing parties from allowing late intervention, (3) the extent of prejudice to the potential intervenor if the motion is denied, and (4) any unusual circumstances. *See, e.g., Lease Oil Antitrust Litig.*, 570 F.3d at 247-48.

A

Regarding the first element, although ICP asserts that FRI should have learned of this lawsuit based on publicity that commenced in 2008 and from TDHCA reports and documents, the first element of timeliness focuses on when the intervenor "became aware that its interests would no longer be protected by the original parties," not "the date on which the would-be intervenor became aware of the pendency of the action." *Sierra Club*, 18 F.3d at 1206 (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264 (5th Cir. 1977)). The earliest FRI could have learned that its interest was no longer protected by TDHCA was on March 20, 2012, when the court issued its decision and TDHCA transitioned from defending its allocation of Low Income Housing Tax Credits ("LIHTC") to presenting a remedial plan to address the disparate impact violation of the FHA: a plan that could impair LIHTC applications by FRI. *See Inclusive Cmtys. Project*, 2012 WL 953696, at *13. FRI moved to intervene 41 days later, which is not unreasonable. *Cf. Edwards v. City of Hous.*, 78 F.3d 983, 1000-01 (5th Cir. 1996) (en banc) (collecting cases in support of proposition that delays

of 37 and 47 days were not unreasonable).

B

Concerning the second element—the extent of prejudice to the existing parties from allowing late intervention—the court holds that the existing parties will not suffer prejudice on this basis.  TDHCA does not oppose FRI's intervention, and ICP does not present any meritorious grounds for finding prejudice.  FRI moved to intervene soon after it became aware that its interest was no longer protected and before TDHCA filed its remedial plan.  *Cf. John Doe # 1 v. Glickman*, 256 F.3d 371, 378 (5th Cir. 2001) (finding no prejudice under this element because potential intervenor filed motion approximately one month after it became aware of stake, which was before trial and final judgment).  And while ICP asserts that FRI is attempting to relitigate issues decided at trial, "no prejudice can come from [this] because an [intervenor] must accept the proceedings as [it] finds them."  *Id.* (quoting *Sierra Club*, 18 F.3d at 1206 n.3) (internal quotation marks omitted).

C

As to the third element—the extent of prejudice to the potential intervenor if the motion is denied—the court concludes that FRI will incur prejudice if intervention is denied.  As a nonparty, FRI will be affected by the court-ordered remedy when TDHCA implements it against LIHTC applicants, but FRI will not be able to participate in developing the remedy or to appeal the ruling.  *See id.* at 379 (citing *Edwards*, 78 F.3d at 1002-03); *see also Lease Oil Antitrust Litig.*, 570 F.3d at 249-50 ("Intervening in the existing federal lawsuit is the most efficient, and most certain, way for [the potential intervenor] to pursue its claim.").

D

The fourth element of timeliness—the presence of any unusual circumstances—does not warrant denying FRI's motion.

IV

The second element for assessing a motion to intervene as of right considers whether the interest asserted by FRI is related to this lawsuit.

FRI has a direct, substantial, legally protectable interest in the subject of this action, which involves the allocation of LIHTC. FRI is authorized to apply for LIHTC from TDHCA. *Cf. Edwards*, 78 F.3d at 1004 (holding that potential interference with promotion opportunities could justify intervention, and that vested interest in promotion was not required) (quoting *Black Fire Fighters Ass'n of Dall. v. City of Dall., Tex.*, 19 F.3d 992, 994 (5th Cir. 1994); *Howard v. McLucas*, 782 F.2d 956, 959 (11th Cir. 1986)); *Sierra Club*, 18 F.3d at 1207 ("[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process[.]") (quoting *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 n.10 (5th Cir. 1992)).

V

The third factor assesses whether FRI's interest may be impaired or impeded by the action.

FRI's interest may be impaired by this lawsuit because, if FRI is denied leave to intervene, it will be bound by the court-ordered remedy once TDHCA implements it, and this may impair FRI's ability to obtain LIHTC for its projects. *See, e.g., Edwards*, 78 F.3d at 1005; *Sierra Club*, 18 F.3d at 1207. Although ICP contends that FRI is not impacted because FRI's 2012 LIHTC application will likely receive an award, FRI's interest is considerably broader than a single application in a single application cycle; FRI seeks a court-ordered remedy that will not unnecessarily hinder the award of LIHTC to developments that revitalize low-income areas, even if located in predominately minority areas.

VI

The fourth element evaluates whether FRI's interest is adequately represented by the existing parties. Contrary to ICP's contentions, FRI is not adequately represented by the existing parties. TDHCA is a governmental agency that must represent the general public interest, not the private interests of FRI. *See John Doe #1*, 256 F.3d at 381. And, as ICP and FRI recognize, they are asserting competing claims to the distribution of LIHTC.

* * *

Accordingly, for the reasons explained, the court grants FRI's April 30, 2012 motion to intervene.

**SO ORDERED.**

June 12, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 7 -