IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE INCLUSIVE COMMUNITIES PROJECT, INC., | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:08-CV-0546-D |
| VS. | § § | |
| THE TEXAS DEPARTMENT OF HOUSING AND COMMUNITY AFFAIRS, et al., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants' September 4, 2012 motion to alter or amend judgment or, alternatively, for new trial is granted in part and denied in part.

I

In the court's August 7, 2012 memorandum opinion and order, *Inclusive Communities Project, Inc. v. Texas Department of Housing and Community Affairs*, 2012 WL 3201401 (N.D. Tex. Aug. 7, 2012) (Fitzwater, C.J.) ("Remedy Opinion"), it noted that its decision to decline to include the "Revitalization Index" in the remedy "does not preclude TDHCA from following its usual processes to include the 'Revitalization Index' in the QAP." *Id.* at *10 n.16. Defendants maintain that, despite this notation, the judgment "order[s] Defendants to eliminate any other development location criteria." Ds. Mot. Alter or Amend Judg. 8. They state that, "[a]s a result, Defendants are unsure whether they are permitted to use the Revitalization Index, a development location criteri[on], in the Dallas metropolitan area if

it was enacted as part of the QAP." *Id.*

Because, as noted in the Remedy Opinion, the court did not intend to "preclude TDHCA from following its usual processes to include the 'Revitalization Index' in the QAP," the court amends the judgment to add the following provision at the end of § IV: "Nothing in this judgment precludes TDHCA from following its usual processes to include the Revitalization Index, as set forth in the Plan at 10-11, in the QAP."

II

Defendants maintain that the court should amend the judgment to make clear the portions that apply to 4% LIHTCs. *See* Ds. Mot. Alter or Amend Judg. 9. In the Remedy Opinion, the court noted "that the Plan [did] not address 4% LIHTC specifically," but it concluded that "ICP's objection [did] not identify a specific deficiency in the remedial plan that result[ed] from this omission." *Inclusive Cmtys.*, 2012 WL 3201401, at *14. The court also pointed out that "[t]here are distinctions between 4% and 9% LIHTC in that 4% LIHTC are available to all who qualify. Additionally, parts of the remedial plan would have the effect of promoting 4% LIHTC in predominantly Caucasian areas (e.g., criteria for disqualifying proposed sites with undesirable features)." *Id.* The court concluded that it would "consider the adequacy of the remedial plan in relation to 4% LIHTC as part of its annual review process." *Id.*

To clarify that some components of the remedial plan may not apply to 4% LIHTC, the court amends § IV of the judgment so that the part that reads "TDHCA shall, within a reasonable time after the entry of this judgment, implement the following affirmative actions

concerning the awarding of 4% and 9% LIHTC in the Dallas metropolitan area" is amended to read "TDHCA shall, within a reasonable time after the entry of this judgment, implement the following affirmative actions concerning the awarding of 9% LIHTC (and, to the extent applicable, 4% LIHTC) in the Dallas metropolitan area."  As indicated in the Remedy Opinion, the court "will consider the adequacy of the remedial plan in relation to 4% LIHTC as part of its annual review process." *Id.*  If, for example, the revised language in § IV of the amended judgment has the effect of permitting TDHCA to administer LIHTC in the Dallas metropolitan area in a manner inconsistent with the FHA—which is expressly prohibited under § III of the amended judgment—the court can revisit this provision and other issues pertaining to 4% LIHTC as part the annual review process.

### III

Defendants maintain that the court should not have taxed costs as it did.  The court concludes that § VIII of the judgment is incorrectly worded and should be revised in the amended judgment.

The court intended that defendants bear their own taxable costs of court and 50% of ICP's taxable costs of court, and that ICP bear the remaining 50% of its own taxable costs of court.  Accordingly, the judgment is amended so that § VIII provides: "Defendants shall bear their own taxable costs of court.  ICP shall recover 50% of its taxable costs of court, as calculated by the clerk of court, from defendants and shall bear the remaining 50% of its own taxable costs of court, as calculated by the clerk of court."

IV

Except as granted in this memorandum opinion and order, defendants' motion to alter or amend judgment or, alternatively, for new trial is denied.

\*   \*   \*

Defendants' September 4, 2012 motion to alter or amend judgment or, alternatively, for new trial is granted in part and denied in part.

**SO ORDERED**.

November 8, 2012.

                                SIDNEY A. FITZWATER
                                CHIEF JUDGE