IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE INCLUSIVE COMMUNITIES PROJECT, INC., | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:08-CV-0546-D |
| VS. | § § | |
| THE TEXAS DEPARTMENT OF HOUSING AND COMMUNITY AFFAIRS, et al., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Following the Fifth Circuit's remand in this case, defendants Texas Department of Housing and Community Affairs and others (collectively, "TDHCA") move to stay the proceedings pending the Supreme Court's disposition of their petition for a writ of certiorari. Plaintiff The Inclusive Communities Project, Inc. ("ICP") opposes the motion. For the reasons that follow, the court grants the motion.

I

In its merits decision in this case, the court held that ICP had failed to prove its intentional discrimination claims, but that it had proved that TDHCA's allocation decisions had a disparate racial impact, in violation of §§ 3604(a) and 3605(a) of the Fair Housing Act ("FHA"). *See Inclusive Cmtys. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, 860 F.Supp.2d 312, 321, 331 (N.D. Tex. 2012) (Fitzwater, C.J.) ("*ICP III*"), *rev'd*, 747 F.3d 275 (5th Cir. 2014), *petition for cert. filed*, 82 U.S.L.W. 3686 (U.S. May 13, 2014) (No.

13-1371). In ruling in ICP's favor on its disparate impact claim, the court noted that the Fifth Circuit had not yet adopted a standard and proof regime for FHA-based disparate impact claims, that the circuits that had done so had adopted at least three different standards and proof regimes, and that this court's prior summary judgment decision—*Inclusive Communities Project, Inc. v. Texas Department of Housing and Community Affairs*, 749 F.Supp.2d 486 (N.D. Tex. 2010) (Fitzwater, C.J.)—had essentially followed the approach of the Second Circuit in *Huntington Branch, NAACP v. Town of Huntington*, 844 F.2d 926, 939 (2d Cir.), *aff'd in part*, 488 U.S. 15 (1988), but without engaging in a process of balancing the factors identified in *Metropolitan Housing Development Corp. v. Village of Arlington Heights*, 558 F.2d 1283 (7th Cir. 1977). *ICP III*, 860 F.Supp.2d at 322 n.17. The court also noted that it appeared at one point "that the Supreme Court might clarify this unsettled area of the law," *id.*, and that this court had deferred its decision in this case based on a case pending before the Supreme Court.

> After this case was tried, and while the parties were making post-trial submissions, the Court granted certiorari in *Gallagher v. Magner* to decide two questions: "Are disparate impact claims cognizable under the Fair Housing Act?" and "If such claims are cognizable, should they be analyzed under the burden shifting approach used by three circuits, under the balancing test used by four circuits, under a hybrid approach used by two circuits, or by some other test?" On February 14, 2012 this court entered an order deferring its decision in this case until *Magner* was decided. But the Supreme Court dismissed the petition the same day this court entered its order.

*Id.* (citations omitted). After the Supreme Court dismissed the petition, this court issued its ruling in favor of ICP on its disparate impact claim.

On appeal, the Fifth Circuit reversed and remanded. It held that this court had "correctly noted [that a] violation of the FHA can be shown either by proof of intentional discrimination or by proof of disparate impact." *Inclusive Cmtys. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, 747 F.3d 275, 280 (5th Cir. 2014) (citing cases). But the panel also noted that the Fifth Circuit had "not previously determined the legal standards that should be applied in disparate impact housing discrimination cases," *id.* at 280-81; that other circuits "have applied multiple different legal standards to similar claims under the FHA," *id.* at 281; and that "after [this] court's decision in this case, [the U.S Department of Housing and Urban Development ("HUD")] issued regulations regarding disparate impact claims under the FHA," *id.* at 282. The panel then adopted the burden-shifting approach found in the new HUD regulations for claims of disparate impact under the FHA, *id.* at 282, and it remanded the case to this court "to apply this legal standard to the facts in the first instance," *id.* at 283. In a footnote, the panel acknowledged, but rejected, TDHCA's and intervenor's reliance on the two recent cases in which the Supreme Court had granted writs of certiorari to determine whether disparate impacts claims are cognizable under the FHA—*Township of Mount Holly, N.J. v. Mt. Holly Gardens Citizens in Action, Inc.*, ___ U.S. ___, 133 S.Ct. 2824 (2013) (granting petition for writ of certiorari), and *Magner v. Gallagher*, ___ U.S. ___, 132 S.Ct. 548 (2011) (same)—but had dismissed the writs before hearing argument, *Township of Mount Holly, N.J. v. Mt. Holly Gardens Citizens in Action, Inc.*, ___ U.S. ___, 134 S.Ct. 636 (2013) (dismissing writ), and *Magner v. Gallagher*, ___ U.S. ___, 132 S.Ct. 1306 (2012) (same). *Inclusive Cmtys. Project*, 747 F.3d at 280-81 n.4.

TDHCA has filed a petition for a writ of certiorari that presents two questions: "1. Are disparate-impact claims cognizable under the Fair Housing Act? [and] 2. If disparate-impact claims are cognizable under the Fair Housing Act, what are the standards and burdens of proof that should apply?" TDHCA Mot. Stay App. 2 (petition for a writ of certiorari).

II

"The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). "[A] stay must be 'so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description.'" *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936)) (addressing stay entered in one case pending resolution of another case).

The court holds in its discretion that the proceedings on remand should be stayed pending resolution of the Supreme Court's decision on TDHCA's petition for a writ of certiorari. First, the Supreme Court has twice, and relatively recently, granted petitions that presented the question whether disparate impact claims are cognizable under the FHA. If the Court grants TDHCA's petition and decides that such claims cannot be brought under the FHA, this court and the parties should not expend the resources necessary to litigate a claim that is not legally viable.

Second, this court noted in its decision on the merits that "[t]he Fifth Circuit ha[d] not yet adopted a standard and proof regime for FHA-based disparate impact claims," and that

"[t]he circuits that ha[d] done so ha[d] adopted at least three different standards and proof regimes." *ICP III*, 860 F.Supp.2d at 322 n.17. Although the Fifth Circuit has now adopted the HUD regulations for FHA disparate impact claims, TDHCA's petition for a writ of certiorari asks the Supreme Court to decide what standards and burdens of proof should apply if such a claim is available under the FHA.

The idea that this case should be stayed while awaiting guidance from the Supreme Court did not first arise when TDHCA filed the instant motion. As noted, this court ordered that its merits ruling be deferred while awaiting the Supreme Court's decision in *Magner v. Gallagher*, which was then scheduled for oral argument. In a February 14, 2012 order the court wrote: "The court has concluded that it should defer its decision in this case until *Magner* is decided. After the Supreme Court's opinion is filed, this court will decide whether to establish a supplemental schedule for briefing in the present case." Feb. 14, 2012 Order at 1-2. Although this court now has the benefit of an unequivocal, binding decision of the Fifth Circuit confirming that a disparate impact claim is available under the FHA and adopting a specific proof regimen and standard, given the Supreme Court's recent inclination to decide whether an FHA disparate impact claim is even available, and the possibility that it will decide in this case what are the standards and burdens of proof that apply—decisions that will materially affect the proceedings in this case on remand—the court concludes in its discretion that this case should be stayed pending the outcome of TDHCA's petition.

III

Accordingly, TDHCA's May 16, 2014 motion to stay proceedings pending disposition of petition for certiorari is granted, and this case is stayed pending the Supreme Court's decision on TDHCA's petition for a writ of certiorari. If the petition is granted as to at least one question presented, the stay will remain in place, and the court will direct that the case be administratively closed for statistical purposes pending further order. If the petition is denied, the stay will be lifted automatically, and the court will proceed to adjudicate the case in accordance with the mandate and opinion of the United States Court of Appeals for the Fifth Circuit in *Inclusive Communities*, 747 F.3d 275, after considering the parties' views on such matters as the procedures and schedule that should be followed.

**SO ORDERED**.

June 23, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE