IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE INCLUSIVE COMMUNITIES PROJECT, INC., | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:08-CV-0546-D |
| VS. | § § | |
| THE TEXAS DEPARTMENT OF HOUSING AND COMMUNITY AFFAIRS, et al., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

As permitted under the court's October 8, 2015 memorandum opinion and order, plaintiff The Inclusive Communities Project, Inc. ("ICP") has filed a motion to supplement the trial record, and defendants Texas Department of Housing and Community Affairs, its Executive Director, and its board members in their official capacities (collectively, "TDHCA") have filed a response to ICP's motion and a cross-motion to supplement the record. Having considered the parties' submissions, the court grants the motions in part as set forth below, and adopts the following procedure for the first round of merits briefing (ICP's prima facie case).

I

A

As used in this procedure, the term "current trial record" means the testimony and exhibits admitted at trial. The term "supplemental record" means (1) documents that are not

in the current trial record but were disclosed by ICP or TDHCA in disclosures or discovery, or filed by ICP or TDHCA in making or opposing a summary judgment motion, and (2) ICP's appendix in support of its brief in opposition to Frazier Revitalization Inc.'s ("Frazier's") motion to intervene.

B

No later than 28 days after this memorandum opinion and order is filed, ICP must file a brief that cites the current trial record and the supplemental record and demonstrates that it has proved a prima facie case of discrimination by showing that a challenged practice causes a discriminatory effect, as defined by 24 C.F.R. § 100.500(a). *See* 24 C.F.R. § 100.500(c)(1).

The brief must not exceed 50 countable pages. Unless a document cited in the brief is part of the current trial record or is otherwise already on file, it must be included in an appendix that complies with N.D. Tex. Civ. R. 7.1(i). Documents that are part of the current trial record or are otherwise already on file need not be refiled. When citing the evidence, the brief must make clear whether the current trial record (including a specific trial exhibit), a document otherwise already on file, or a document in the appendix is being cited, and where it can be found.

C

No later than 14 days after ICP's brief is filed, TDHCA and Frazier must file any motion to further supplement the record. A motion to further supplement the record must demonstrate the need for evidence not already in the current trial record or the supplemental

record, either to rebut ICP's claims or to offer a justification for the practice ICP challenges, or must demonstrate other good cause for further supplementing the record. The filing of the motion to further supplement the record suspends the obligation to file a response brief until the court rules on the motion. If such a motion is filed, responses and replies regarding that motion must be filed according to the deadlines prescribed by the local civil rules.

If TDHCA or Frazier does not file a motion to further supplement the record, its response brief must be filed no later than 28 days after ICP's brief is filed. The response brief must address whether ICP has proved a prima facie case of discrimination. Regardless whether TDHCA or Frazier files a motion to further supplement the record, it may include objections to the evidence in the supplemental record on which ICP relies.

A brief must not exceed 50 countable pages. Unless a document cited in the brief is part of the current trial record, is otherwise already on file, or is included in ICP's appendix, it must be included in an appendix that complies with N.D. Tex. Civ. R. 7.1(i). Documents that are part of the current trial record, are otherwise already on file, or are included in ICP's appendix need not be refiled. When citing the evidence, the brief must make clear whether the current trial record (including a specific trial exhibit), a document otherwise already on file, or a document in an appendix is being cited, and where it can be found.

D

ICP may file a reply brief to a response brief no later than 21 days after the response brief is filed. The brief must not exceed 25 countable pages. ICP may include objections to the evidence in the supplemental record on which TDHCA or Frazier relies.

E

If the court concludes after the first round of merits briefing that ICP has proved a prima facie case of discrimination, it will then establish a briefing schedule under which TDHCA (supported by Frazier's separate brief, if it so desires) will be required to prove that the challenged practice is necessary to achieve one or more substantial, legitimate, nondiscriminatory interests. *See* 24 C.F.R. § 100.500(c)(2). ICP will be permitted to file a response brief that challenges defendants' asserted substantial, legitimate, nondiscriminatory interests and shows that the defendants' interests could be served by another practice that has a less discriminatory effect. *See* 24 C.F.R. § 100.500(c)(3). Defendants (supported by Frazier's separate brief, if it so desires) will be permitted to file a combined reply in support of the second factor (justification) and response to ICP's brief on the third factor (less discriminatory alternative). ICP will be permitted to file a surreply in support of its position on the third factor (less discriminatory alternative). The court will set deadlines for each permitted filing.

II

In its reply brief, ICP opposes allowing the parties to supplement the record to an extent greater than what is included in the "supplemental record," as defined in this memorandum opinion and order. It emphasizes that this case has already been extensively litigated, including through pretrial discovery, pretrial motions, a trial, an appeal to the Fifth Circuit, and a decision by the Supreme Court of the United States. Although ICP is correct in its description of these extensive proceedings, the reasoning in the court's October 8, 2015

memorandum opinion and order supports leaving open the possibility that TDHCA and Frazier may have reasonable grounds to further supplement the record. As the court explained:

> The court also concludes that the parties should be permitted to move to supplement the trial record. This is so because the court by its partial summary judgment ruling removed the prima facie element of the burden-shifting regimen from consideration at trial; the HUD burden-shifting regimen is materially different from the one the court applied originally; neither side had the benefit of the Supreme Court's guidance when it decided what evidence to present at trial; and the court is for the first time advising the parties that it will resolve this case on a trial record rather than on trial and summary judgment records.

Oct. 8, 2015 Mem. Op. at 9-10. This reasoning supports including not only what is part of the supplemental record—which consists of documents the parties produced or used before the Supreme Court's decision—but perhaps other evidence as well.

ICP also expresses concerns about the scope of such supplementation, asserting that it could even entail a new round of expert reports with disclosures, depositions, rebuttal experts, and reply experts, in addition to other new evidence that has not been already produced or disclosed. But these concerns can be adequately addressed in the context of deciding whether, and to what extent, to grant a motion to further supplement the record, assuming one is even filed.

\* \* \*

Accordingly, ICP's October 22, 2015 motion to supplement the trial record and TDHCA's October 22, 2015 cross-motion to supplement the record are granted as set forth in this memorandum opinion and order, and the court adopts the foregoing procedure for the first round of merits briefing (ICP's prima facie case).

**SO ORDERED**.

December 10, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE